UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE JOSEPH YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO SHERIFF DEPARTMENT CLASSIFICATION STAFF AT CJ #5/4, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05529-KAW   (PR)<br><br>**ORDER FINDING CERTAIN CLAIMS COGNIZABLE; DISMISSING OTHER CLAIMS WITH LEAVE TO AMEND** |

Plaintiff Gale Joseph Young, a state prisoner incarcerated at the San Francisco County Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by the San Francisco Sheriff's Department Classification Staff, Deputies Taylor and Garza and Facility Commander Lt. Wheeler.  Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action.  Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP"), which is granted in a separate order.  The Court now addresses the claims asserted in Plaintiff's complaint.

**DISCUSSION**

**I.	Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II.      Plaintiff's Claims**

In his complaint, Plaintiff alleges that he has been confined to his cell for two months without any recreation. He also alleges that the San Francisco Sheriff's Department Classification Staff is preventing him from accessing the law library to litigate his pending civil rights case,

*Young v. San Francisco Sheriff's Department, et al.*, No. C 15-3267 KAW (PR), by holding him in administrative segregation at County Jail #5, where inmates do not have access to the law library, whereas inmates in administrative segregation at County Jail #4 have access to the law library every day. Other deputies told Plaintiff that the Classification Committee moved him to County Jail #5 because of the previous lawsuit Plaintiff filed against other sheriff's deputies.

Based on these allegations, Plaintiff asserts claims against the Classification Committee Staff, Deputies Taylor and Garza, who are on the Classification Committee, and Facility Commander Lt. Taylor. Plaintiff states that he does not have all the names of the members of the Classification Committee.

Liberally construed, these allegations appear to state a cognizable First Amendment claim against Deputies Taylor and Garza for denying Plaintiff access to the courts and a cognizable First Amendment retaliation claim against them for retaliating against Plaintiff for exercising his First Amendment rights. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) (prisoners have a constitutional right of access to the courts); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977) (retaliation by a state actor for the exercise of a constitutional right is actionable under section 1983).

However, even liberally construed, the allegations do not state a cognizable claim against Lt. Wheeler based on his position as Facility Commander. *See Taylor*, 880 F.2d at 1045 (no supervisory liability under section 1983). To state a cognizable claim against Lt. Wheeler, the allegations must show how he was personally involved in the constitutional violation. Plaintiff is granted leave to amend so that he may remedy this deficiency, if he can truthfully do so. Furthermore, Plaintiff cannot name the Classification Staff in lieu of naming the other members of the committee who violated his constitutional rights. Therefore, the claim against the Classification Staff is dismissed and the Clerk is directed to terminate the Classification Staff as a defendant. Plaintiff is granted leave to amend to name the members of the committee when he learns who they are.

Even liberally construed, the allegations do not state a cognizable claim based on the denial of recreation. An Eighth Amendment claim for deprivation of humane conditions must

meet an objective and subjective requirement. *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir 2000). A deprivation meets the objective requirement if it deprives the "inmate of the minimal civilized measure of life's necessities." *Id.* at 1122. The subjective requirement means that the defendant must have acted with deliberate indifference. *Id.* Although the denial of recreation for two months may meet the objective component of an Eighth Amendment claim, *see id.* (six weeks with only forty-five minutes of exercise per week fulfilled objective component), Plaintiff does not name any individuals who are responsible for this deprivation and, furthermore, he does not allege that any one acted with deliberate indifference. Therefore, this claim is dismissed with leave to amend for Plaintiff to remedy this deficiency, if he can truthfully do so.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The First Amendment claims against the Classification Staff are dismissed with prejudice. Plaintiff is granted leave to amend to name the individuals on the Classification Committee when he learns who they are. The First Amendment claims against Lt. Wheeler and the Eighth Amendment conditions of confinement claim based on lack of recreation are dismissed with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within twenty-eight (28) days of the date this Order is filed and must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the specified time period will result in these claims being dismissed with prejudice.

2. The cognizable First Amendment claims will be served after Plaintiff files and the Court reviews his amended complaint. If Plaintiff does not file an amended complaint within twenty-eight days, the cognizable First Amendment claims will then be served on Taylor and Garza.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of

4

Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk is directed to terminate the Classification Committee Staff as a defendant in this case.

**IT IS SO ORDERED**.

Dated: February 3, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge