UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE JOSEPH YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>TAYLOR, et al.,<br><br>    Defendants. | Case No. 15-cv-05529-KAW   (PR)<br><br>**ORDER OF SERVICE**<br><br>Re: Dkt. No. 8 |

Plaintiff Gale Joseph Young, a state prisoner incarcerated at the San Francisco County Jail, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by employees of the San Francisco County Jail. On February 3, 2016, the Court issued an Order finding that, liberally construed, Plaintiff's allegations stated a cognizable First Amendment claim against Deputies Taylor and Garza for denying Plaintiff access to the courts and a First Amendment claim against the same defendants for retaliating against Plaintiff for exercising his First Amendment rights. The Court dismissed with leave to amend the same claims against Lt. Wheeler because the allegations did not show how he was personally involved in the constitutional violations. The Court also dismissed with leave to amend an Eighth Amendment claim based on the denial of recreation because Plaintiff did not name any defendants who were responsible for this deprivation. On February 11, 2016, Plaintiff filed a first amended complaint ("FAC"), which the Court now reviews.

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are

frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.  Plaintiff's Allegations**

In his FAC, Plaintiff adds the allegations that he mailed a grievance and a letter to Lt. Wheeler, informing him that Taylor and Garza were preventing Plaintiff from accessing the court and were retaliating against him for filing grievances. However, instead of taking action to stop the alleged constitutional violations, Wheeler forwarded Plaintiff's letter to Taylor, the person about whom Plaintiff was complaining. Viewed liberally, these allegations appear to state cognizable First Amendment claims against Wheeler, Garza and Taylor based on lack of access to the courts and retaliation.

In regard to the Eighth Amendment claim for lack of recreation, Plaintiff alleges that he has filed many grievances challenging his lack of recreation and the fact that he is taken out of his cell only for a shower every two days. The FAC alleges that Plaintiff sent a grievance and letter about this to Lt. Wheeler, who forwarded the documents to Taylor, both of whom did nothing to correct this alleged constitutional violation. Viewed liberally, these allegations appear to state a cognizable Eighth Amendment conditions of confinement claim against Taylor and Wheeler.

In his original complaint, Plaintiff named the San Francisco Sheriff's Department as a defendant. However, he did not mention the Sheriff's Department in the original complaint or in his amended complaint; therefore, any claims against the Sheriff's Department are dismissed. The Clerk shall terminate this defendant from the docket.

2

**CONCLUSION**

Based on the foregoing, the Court issues the following orders

1. Plaintiff's allegations appear to state cognizable First Amendment claims for lack of access to the courts and retaliation against San Francisco Sheriff's Deputies Taylor and Garza and San Francisco Sheriff's Lt. Wheeler.  The allegations also appear to state a cognizable Eighth Amendment conditions of confinement claim against Deputy Taylor and Lt. Wheeler.  The allegations do not state a cognizable claim against the Sheriff's Department and any claims against it are dismissed with prejudice.

2. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), the amended complaint (docket no. 8) and all attachments thereto, a copy of this Order, a copy of the Court's February 3, 2016 Order (docket no. 7) and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Deputies Taylor and Garza and Lt. Wheeler at the San Francisco County Jail.</u>  This form can also be found at www.cand.uscourts.gov/civilforms.  The Clerk shall also mail a copy of the complaint, the amended complaint, this Order and the Court's February 3, 2016 Order to the San Francisco City Attorney's Office, and a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that

3

more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

4. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

5. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date his answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material

fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, copies of documents authenticated by sworn declaration or discovery documents. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

The same evidentiary requirement applies if the defendants file a motion for summary judgment for failure to exhaust administrative remedies. To oppose this motion, Plaintiff must present any evidence he may have which tends to show that he did exhaust administrative remedies or was excused from doing so. Again, the evidence may be in the form of declarations, that is statements of fact from himself or other witnesses signed under penalty of perjury, copies of documents accompanied by a declaration showing where they came from and why they are authentic, or discovery documents such as answers to interrogatories or depositions. *See generally Albino*, 747 F.3d at 1172-73; *Stratton*, 697 F.3d at 1008.

c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

        d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

    8. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    9. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

    10. The Clerk shall terminate the San Francisco Sheriff's Department as a defendant on the Court's docket.

**IT IS SO ORDERED**.

Dated: June 20, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge